ISAAC TAYLOR, ADM'R, v. TRAVIS BARRON.

(No. 3970.)

ADMINISTRATOR — COMMUNITY PROPERTY.
JUDGMENT.— Omission of name in may be amended.

APPEAL from McLennan county. Opinion by QUINAN, J.

STATEMENT.— We adopt the statement of this case as presented by the plaintiffs in error. It is sufficient to a proper understanding of the points presented in the briefs and argument, with some brief additional statements from the record.

The defendants in error, who were plaintiffs below,
44

brought their suit in the district court of McLennan county as heirs at law of their mother, Mary E. Barron, to recover her community interest in three hundred and twenty acres of land patented to their father, Thomas H. Barron, assignee of John Morrow. The plaintiff in error and Mary J. Barron (the latter being Thomas H. Barron's second wife), as administrators of Thomas H., deceased, and the children of the second marriage, and a great number of other persons alleged to be holding by purchase from Thomas H., and as trespassers, were made parties defendant.

The original petition alleged the seizin and death of plaintiffs' ancestor, their heirship, the entry and claim of the defendants, and prayer for a partition. By amended petition filed October 7, 1876, plaintiffs, by amendment, alleged that their mother left surviving her other children, to wit: A son, John M. Barron, who died in 1849 without children or widow; Thomas J. Barron, who died in 1847, leaving a widow, now plaintiff; Mrs. Anderson and a child, now plaintiffs, Mrs. Robuck; a daughter, Nancy, mother of the plaintiffs; Powers, a son, David S., and a son, Milam, who died in 1863, leaving a widow and child, both of whom are dead. That the widow died last, leaving Stephen Lott her heir.

The defendants D. T. and H. J. Chamberlin and B. F. Harris, purchasers from Barron, are the only defendants who answer separately by name.

August 7, 1874, a number of the defendants answer. The plea, after naming a number of the defendants, says: "such other of the defendants, if any, as were served with citation prior to the return day of the August term, 1874, of the district court of McLennan county." In this plea they plead various matters in support of their rights as purchasers from Thomas H. Barron. D. T. Chamberlin pleads his purchase from Barron and various matters in support of it.

The administrators of Thomas H., deceased, were served with citation March 26, 1875.

June 3, 1876, there was a plea filed by Messrs. Herring, Anderson & Kelley, and Evans & Davis, "attorneys for all of the defendants who have been cited and are not represented by J. C. Walker and Flint & Graham, and who have not answered for themselves," without naming any of the defendants. This plea adopts D. T. Chamberlin's special answer and the answer of the defendants filed August 7, 1874.

There is no statement of facts.

Judgment was rendered for the plaintiffs against the administrators of Barron's estate and the children of his second marriage, and for the rest of the defendants, the plaintiffs having dismissed as to some twenty-eight of them before verdict.

Isaac Taylor, the now sole administrator, sues out and prosecutes this writ of error. There are numerous assignments of error, but we need notice only those upon which the plaintiff in error relies here in argument. These are embraced in two propositions, which he contends should work a reversal of this judgment: 1. That the verdict of the jury and the judgment are not responsive to the pleadings. 2. That the verdict and judgment are uncertain in description of the land recovered by the plaintiffs or defendants.

As to the first proposition:

The pleadings show that Thomas H. Barron was twice married. For the defendant, Taylor, his administrator, and the children of the second marriage, or their representatives, there is no special answer filed. They simply unite in the answer of their co-defendants theretofore filed. The other defendants in possession answered that they had purchased, in good faith and for value, the lots they held; denied that the land was community of the first marriage, but that if it was, that Thomas Barron had sold the lots they held and applied the proceeds to the discharge of community debts of the first marriage, and that there re-

mained of the land in any event enough unsold to satisfy the claim of the plaintiffs of an average value.

An amended petition of plaintiffs sets out that in truth there were no debts of the first marriage; that Thomas Barron had disposed of large amounts of property of the first community after the death of his wife; that his estate was insolvent; that there remained unsold of this land not enough to satisfy their undivided half interest in it, but conceded the equity of defendants, the purchasers, to retain the lots purchased by them, if, in partition, the plaintiffs could otherwise receive their fair share of the land. The plaintiffs averred that they had never received anything from their father's estate and would inherit nothing from it.

Upon the issues raised by these pleadings the verdict was: "We, the jury, find for the plaintiffs in this case as against the administrators of Thomas Barron, to wit (naming them), and against the children of Thomas H. Barron, who are defendants in this suit, to wit (naming them), and we find that Thomas H. Barron has sold more of the land in controversy than his full interest in the land and what was necessary to pay all community debts; and that the plaintiffs are entitled to all the land in controversy which Thomas H. Barron has not sold to the defendants in this suit. We also find for all the defendants who hold and claim title by deeds to parts of the land in controversy from and under Thomas H. Barron."

OPINION.— From this brief statement of the pleadings we think it is sufficiently obvious that the finding of the jury was not unwarranted by them. The facts found were fairly put in issue and they were proper subjects of consideration. The plaintiffs sued for their mother's part of this land, and that it might be partitioned to them. Whether they were entitled to it, and how they were entitled to it in this land, who else were owners of the land and the equities they had, whether their father's administrator or his heirs had any

remaining interest in it, or whether the sales he had made exhausted his share of it, were questions necessary to be determined to enable the court to grant the relief prayed for. And assuming, as we must assume in the absence of a statement of facts, that the testimony sustained the findings, the judgment of the court upon it is not only unobjectionable, but the very judgment which should have been rendered. The judgment is for the defendants claiming under deeds from Thomas Barron, and for the plaintiffs against Taylor, administrator of Thomas Barron, and the heirs of his second wife for the land in controversy, excepting the unsold portions, and decreeing that "all the right and title which the estate of Thomas H. Barron ever had in said land remaining unsold by him be divested out of him and invested in said plaintiffs."

Now the plaintiffs, as between themselves, do not ask partition of this land, and if they did it is not appellant's business to complain that they did not get it. What they asked was that their mother's share be set apart to them, and what the judgment effects is that it is so set apart to them. The facts developed upon the trial showed, and the verdict of the jury established, that partition had, in effect, been made of the interests of their father in the land by his conveyance to the defendants or their grantors; that the remainder belonged to the plaintiffs, whether much or little, valuable or otherwise, and it would have been an idle thing to have ordered a writ of partition to issue. The court had ample power to determine by its judgment and set apart to them their land.

The second objection urged, that the verdict and judgment are uncertain, admits of a very brief reply. The administrator of Barron only prosecutes this writ of error. Without doubt the verdict and judgment are certain as to the estate he represents. He has no interest in the land and is not concerned in any difficulties which may arise in executing the judgment between the other parties to it.

So far as Stephen Lott is concerned in the judgment, he

is embraced in the general term plaintiffs; he recovers his costs; and if his name, in copying them into the judgment entry, by oversight has been omitted, he can have it amended. The plaintiff in error is in no way affected by this omission.

AFFIRMED.